IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GURNAM S. SANDHAR, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2348 |
| | § | |
| PRITAM SINGH GREWAL, *et al.*, | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss [Doc. # 18] ("Motion"), filed by Plaintiffs/Counter-Defendants Gurnam S. Sandhar, Kalwant K. Sandhar, Jagdeep S. Sandhar, Rupinder K. Sandhar, and Harpreet S. Sandhar (collectively "Counter-Defendants"). Defendants/Counter-Plaintiffs Pritam S. Grewal, H D N Enterprises, Inc. d/b/a Cullen Chevron, d/b/a A to Z Food & Fuel, d/b/a King Shell, J.A.F. Enterprises, Inc. d/b/a Cullen Chevron, PGG Group, Inc. d/b/a Liquor 4 Less, and SSG Fuel Service, Inc. d/b/a King Shell (collectively "Counter-Plaintiffs") have responded [Doc. # 20]. Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Counter-Defendants' Motion should be **granted in part** and **denied in part**.

## I.     FACTUAL BACKGROUND

Plaintiffs have sued Defendants to recover salaries they allege they are owed for working at various convenience stores between 2005 and 2008. Defendants have filed a Counterclaim [Doc. # 17] alleging fraud, breach of fiduciary duty, and breach of contract. Counter-Defendants have moved to dismiss these counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)). A claim may only be dismissed if the plaintiff is not entitled to relief under any set of facts or any possible theory of recovery that he could prove consistent with the allegations in his complaint. *Priester*, 354 F.3d at 418 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

### III. ANALYSIS

#### A. Fraud Claims

Counter-Defendants move to dismiss Counter-Plaintiffs' fraud claims under Rule 12(b)(6) for failure to comply with the heightened pleading requirements of Rule 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168–69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997)). The purpose of Rule 9(b) is to provide defendants adequate notice of the nature and grounds of the claim. *See Hart*, 199 F.3d at 247 n. 6.

"Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Counter-Plaintiffs have failed to meet this standard. Counter-Plaintiffs' only reference to fraud in the Counterclaim is ¶ 67, which states: "In connection with the

fraud claims and breach of fiduciary duties, the actions of each of the Counter-Defendants were done knowingly and with malice . . ."[1] Furthermore, the substantive paragraphs describing the alleged conduct underlying the counterclaim do not provide the Counter-Defendants with adequate notice of the nature or grounds of the fraud claims. Therefore, Counter-Defendants' motion to dismiss is granted with respect to Counter-Plaintiffs' fraud claims.

However, a court dismissing a claim for failure to meet the pleading requirements of Rule 9(b), "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart*, 199 F.3d at 247 n. 6 (citing *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 675–76 (2d Cir. 1991)). Because the defect identified in the Motion does not appear on this record to be incurable and Counter-Plaintiff has not been afforded repeated opportunities to meet the pleading requirements of Rule 9(b), the Court grants Counter-Plaintiffs leave to amend the Counterclaim.

### B. **Breach of Fiduciary Duty Claims**

Counter-Defendants move to dismiss Counter-Plaintiffs' breach of fiduciary duty claims for "fail[ure] to assert the existence of any fiduciary duties owed to

---

[1] Defendants/Counter-Plaintiffs Counterclaim [Doc. # 17], ¶ 67.

Counter-Plaintiffs by any of the Counter-Defendants."[2]  A cause of action can fail to state a "claim upon which relief can be granted" if *inter alia* it fails to comply with the requirements of Rule 8(a)(2).  *See, e.g.*, *Buerger v. Sw. Bell Tel. Co.*, 982 F.Supp. 1247, 1249–50 (E.D.Tex.1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, *2 (5th Cir. Oct. 9, 2006) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8.").  Under Rule 8(a)(2), Plaintiffs are only required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The purpose of this short and plain statement of the claim is to "give the defendant fair notice what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "While a complaint does not need detailed factual allegations to survive a motion to dismiss, factual allegations must support that a right to relief is neither speculative nor merely a conclusion."  *Flynn v. CIT Group*, 2008 WL 4375928, at *2 (5th Cir. Sept. 26, 2008) (unpublished).

With respect to the breach of fiduciary duty claim against Counter-Defendant Gurnam Sandhar, Counter-Plaintiffs have satisfied their pleading burden under Rule 8(a)(2).  Counter-Plaintiffs have alleged that Gurnam Sandhar was elected president

---

[2] Plaintiffs/Counter-Defendants Motion to Dismiss [Doc. # 18], at 3.

of H D N Enterprises, Inc., one of the Counter-Plaintiffs. Corporate officers owe a strict fiduciary obligation to their corporation. *See Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 576 (Tex. 1963). Furthermore, the factual allegations in the Counterclaim sufficiently implicate the duty of loyalty to satisfy the requirements of Rule 8(a)(2). *See Loy v. Harter*, 128 S.W.3d 397, 407 (Tex.App.—Texarkana 2004, pet. denied) ("The duty of loyalty dictates that a corporate officer or director must act in good faith and must not allow his or her personal interest to prevail over the interest of the corporation."); *Id.* ("The duty of loyalty is described as requiring an extreme measure of candor, unselfishness, and good faith on the part of the officer or director." (citing *Holloway,* 368 S.W.2d at 577)). Counter-Defendants' motion to dismiss is denied with respect to Counter-Plaintiff's breach of fiduciary duty claim against Gurnam Sandhar.

With respect to the breach of fiduciary duty claim against Counter-Defendant Kalwant Sandhar, Counter-Plaintiffs have failed to satisfy their pleading burden. Counter-Plaintiffs have pled that Kalwant Sandhar entered into an agreement to operate three convenience store properties and that she breached the agreement to pay the monthly fees contemplated by their agreement. Counter-Plaintiffs attempt to argue that Kalwant Sandhar's role as manager in charge of the operations of the three convenience stores is sufficient to establish a fiduciary relationship. "Texas courts

have held that certain employees owe a fiduciary duty to their employers under an agent/principal theory." *SP Midtown, Ltd. v. Urban Storage, L.P.*, 2008 WL 1991747, at *10 (Tex.App.—Houston [14th Dist.] 2008, pet. denied) (collecting cases). Moreover, an informal fiduciary duty can arise from "'moral, social, domestic, or purely personal relationship of trust and confidence.' However, '[i]n order to give full force to contracts, we do not create such a relationship lightly.' 'To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.'" *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (internal citations omitted). In the case at bar, Counter-Plaintiffs have failed to make factual allegations that would support a finding of an agency relationship or that there was a special relationship of trust and confidence that existed prior to, and apart from, the agreement. Accordingly, Counter-Plaintiffs have failed to meet the requirements of Rule 8(a)(2), and Counter-Defendants' motion to dismiss is granted with respect to Counter-Plaintiff's breach of fiduciary duty claim against Kalwant Sandhar.

Finally, with respect to breach of fiduciary duty claims against Jagdeep Sandhar, Rupinder Sandhar, and Harpreet Sandhar, Counter-Plaintiffs have failed to make factual allegations that would support a right to relief. Specifically, Counter-Plaintiffs have made no factual allegations that would establish a fiduciary

relationship between these Counter-Defendants and any of the Counter-Plaintiffs. Counter-Plaintiffs have failed to meet the requirements of Rule 8(a)(2), and, therefore, Counter-Defendants' motion to dismiss is granted with respect to Counter-Plaintiffs' breach of fiduciary duty claims against Jagdeep Sandhar, Rupinder Sandhar, and Harpreet Sandhar. If, within the constraints of Federal Rule of Civil Procedure 11, Counter-Plaintiffs are able to allege sufficient facts to support a breach of fiduciary claim against Kalwant Sandhar, Jagdeep Sandhar, Rupinder Sandhar, and/or Harpreet Sandhar, then Counter-Plaintiffs are granted leave to file such a counterclaim against the appropriate Counter-Defendants.

### C. **Counter-Plaintiffs' Breach of Contract Claims**

Counter-Defendants move to dismiss Counter-Plaintiffs' breach of contract claims because "Counter-Plaintiffs have failed to plead that all conditions precedent to recovery have been met or performed."[3] The Court does not agree that this level of specificity is necessary but concludes that the breach of contract counterclaims are not pleaded with sufficient clarity.[4] Rule 8(a)(2) requires that Counter-Plaintiffs plead

---

[3] Plaintiffs/Counter-Defendants Motion to Dismiss [Doc. # 18], at 4. It is unclear if Counter-Plaintiffs assert a breach of contract claim regarding the July 16, 2007 Purchase and Sale Agreement or merely some theory of "theft," as referenced in paragraph 61, at the top of page 10 of the Counterclaim [Doc. # 17].

[4] It appears that the Counter-Plaintiffs intend to assert breach of several contracts in paragraphs 56, 58, 60 and possibly 61.

a short and plain statement of each claim sufficient to give Counter-Defendants fair notice what the claim is and the grounds on which it rests. The breach of contract claims must not be interwoven with other claims. The Counter-Plaintiffs must set forth their breach of contract claims under clear headings. For each claim, the Counter-Plaintiffs must plead the date of the contract, the parties to the contract, and the provisions of the contract allegedly breached.[5] Further, as to each contract claim, Counter-Plaintiffs also should plead facts in support of each element of the claim. Counter-Defendants' motion to dismiss is accordingly granted with respect to Counter-Plaintiffs' breach of contract claims, without prejudice to Counter-Plaintiffs' repleading these claims with more specificity and clarity as directed in this ruling.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Defendants' Motion on Counter-Plaintiffs' fraud claim, but grants Counter-Plaintiffs leave to amend. Defendants' Motion is denied with respect to Counter-Plaintiffs' breach of fiduciary duty claims against Gurnam Sandhar. The Motion is granted without prejudice with respect to Counter-Plaintiffs' breach of fiduciary duty claims against Kalwant Sandhar, Jagdeep Sandhar, Rupinder Sandhar, and Harpreet Sandhar and with respect to Counter-

---

[5] This detail is provided for the July 16, 2007 Purchase and Sale Agreement but Counter-Plaintiffs' legal theory is vague here, as noted in the preceding footnote.

Plaintiffs' breach of contract claims.  Counter-Plaintiffs must file an amended complaint in compliance with the schedule to be set forth at the initial pretrial conference being held on Monday, January 26, 2009.  It is therefore

**ORDERED** that Counter-Defendants' Motion to Dismiss [Doc. # 18] is **GRANTED IN PART** and **DENIED IN PART**.  It is further

**ORDERED** that Counter-Plaintiffs must file an amended Counterclaim on or before the date set by the Court at the Initial Pretrial Conference to be held on January 26, 2009.

SIGNED at Houston, Texas, this **23rd** day of **January, 2009**.

Nancy F. Atlas
United States District Judge